IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT ALABAMA
NORTHERN DIVISION

RECEIVED
2006 FEB -6  P 3: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ANDREW & ALISA CROWDER, | § |
| Plaintiffs, | § |
| -vs- | § Civil Case No. 2:06cv114-VPM |
| PMI MORTGAGE INSURANCE COMPANY., | § |
| | § TRIAL BY JURY REQUESTED |
| Defendant. | § |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. This court has subject-matter jurisdiction pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681p.

2. Personal jurisdiction and venue are proper since Defendant's agent for service of process is located in Montgomery County, Alabama and since Defendant's conduct business by agent in this jurisdiction.

3. Plaintiffs are adult resident citizens of Jefferson County, Alabama.

4. Defendant PMI Mortgage Insurance Company (hereinafter "PMIMIC"), is a foreign corporation, whose principal place of business is in California. Upon information and belief, PMIMIC does not have an office in Alabama but does business by agent in the State of Alabama. Defendant is one of the largest private mortgage insurers in the United States.

4. Defendant issues private mortgage insurance policies involving the consumer in connection with residential mortgage loans.

5. Consumers are typically required to purchase private mortgage insurance when they borrow more than 80% of the value of their home. The consumer pays the insurance premiums that are set by the insurer. The premium amount is based in whole or in part on information that is contained in the consumer's credit report.

## THE FAIR CREDIT REPORTING ACT

6. This action is brought pursuant to the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681, *et seq*. The FCRA is a consumer protection statute, passed in 1971, created to regulate the activities of credit reporting agencies and users of credit reports. The FCRA is designed to protect consumers from abuses created by illegal uses of their credit reports by providing them certain basic rights. As with most consumer protection statutes, the provisions of the FCRA in this case are to be construed so as to benefit the consumer, not the mortgage insurance industry.

7. In 1996, the FCRA was amended to expand the rights of consumers who are adversely affected by the use of their consumer report information. Congress is currently contemplating providing even more protection to the consumer than was afforded in the expansive 1996 amendments.

8. Under the FCRA, the term "consumer report" means any written, oral, or other communication of *any information* by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the

underwriting of insurance involving the consumer. Consumer reports include credit reports and credit scores obtained from credit reports. 15 U.S.C. § 1681a (d).

9. The FCRA requires that if the user of a consumer report takes any "adverse action" with respect to a consumer, based in whole or in part, on any information contained in the consumer report, the user of the report must provide "notice" to the consumer, as well as other specific information. 15 U.S. § 1681m.

10. In a report dated July 31, 2003, the General Accounting Office (GAO) stated that the accuracy of this nation's credit reporting system is vital to the proper functioning of our economy, and that consumers' access to their credit reports and credit scores is the single greatest factor in improving the accuracy of the credit reporting system.

11. The FCRA's adverse action notice provisions are meant to provide consumers warning that their consumer reports have been used adversely to their interests.

12. The July 31, 2003, GAO Report noted that 84% of the disclosures of credit reports to consumers occurred following receipt by the consumer of an adverse notice, underscoring the importance of adverse action notices improves the accuracy of credit reports nationwide. Where adverse action notice is not provided, the consumer is left without this important legislative protection, and is subject to errors in such reports.

13. Information contained in consumer reports change constantly, making it vital to proper operation of the FCRA that contemporaneous notice be given of adverse action. By not providing contemporaneous notice to the consumer, the user of the report

makes it difficult, if not impossible, to determine at a later date what potentially erroneous information might have been contained in the consumer report.

14. The FCRA provides for civil remedies to consumers for violations of the act, including actual damages, statutory damages, punitive damages, cost and attorneys fees. 15 U.S.C. § 1681n.

## FACTUAL ALLEGATIONS

15. On or about July 26, 2004, Plaintiffs purchased a home in Jefferson County, Alabama and executed a mortgage to RBMG, Inc. During that same transaction, Plaintiffs also paid Defendant, and/or its agent, the first premium owed on the mortgage insurance policy they were required to purchase.

16. Based in whole or in part upon information contained in Plaintiffs consumer report, Defendant set the mortgage insurance premium for Plaintiffs at $313.15 per month. Said premium was not the lowest premium available from the Defendant.

17. Plaintiffs were required to pay the mortgage insurance premium for the mortgage insurance policy.

18. Defendant's regular business practice is to use consumer reports to underwrite mortgage insurance premiums for consumers. These procedures are uniformly engaged in by the electronic underwriting systems of the Defendant, rather than through individual decisions by human underwriters.

19. These uniform electronic underwriting procedures are used by the Defendant throughout the United States. Further, Defendant knows and expects that the consumer will pay the full amount of the premiums for the mortgage insurance. Defendants actions toward Plaintiffs are part of a pattern and practice of behavior and/or

4

an organized scheme, designed to illicit greater sums of money from Plaintiffs, and other consumers, than they would otherwise have to pay.

20.  The Defendant used Plaintiffs' consumer reports (and the information contain therein) and took adverse action against Plaintiffs during the underwriting of the mortgage insurance when setting the mortgage insurance premiums that Plaintiff would pay. As a result, they paid at a significantly higher rate than Defendant's lowest available rate.

21.  Defendant failed to provide Plaintiffs with any notification, oral, written or electronic, advising Plaintiffs of the adverse action, the identity of the consumer reporting agency that generated the consumer reports, or their rights to obtain a free copy of their consumer reports.

22.  Defendant does not as a matter of practice and procedure provide any notice to consumers that the information obtained from a consumer report has been used in determining the premiums charged by the Defendant for private mortgage insurance and involving the consumer, nor are such consumers told the identity of the furnisher of the consumer report, nor any of their rights under the FCRA as required by law.

23.  As the user of the credit report in connection with underwriting insurance premiums involving the consumer, the Defendant has the obligation under the FCRA to ensure that Plaintiffs receive actual adverse action notice. Defendant failed to do so, and failed to make arrangements for anyone else to provide such notice.

## COUNT ONE – WILLFUL VIOLATION OF THE FCRA

24.  Plaintiffs reallege and incorporate herein the allegations of paragraphs 1 through 23.

25. The Defendant has instituted a corporate policy of using consumer reports in connection with the underwriting of insurance involving the consumer.

26. When the Defendant determines for itself that information contained in the consumer report of a consumer is derogatory for any reason, Defendant has instituted a corporate policy of setting a higher premium for private mortgage insurance premiums paid by the consumer.

27. By using the consumers' credit report and/or credit score in setting the mortgage insurance premiums Plaintiffs paid ($313.15 per month), the Defendant was clearly a user of consumer reports and took adverse action against the Plaintiffs. As such, the Defendant was obligated to provide a notice to Plaintiffs, pursuant to 15 U.S.C. § 1681m, and failed to do so in violation of the FCRA.

28. Defendant has failed to institute reasonable procedures to ensure compliance with the requirements of the FCRA.

29. By taking adverse action that was based on information contained in a consumer report, the Defendant has willfully ignored the requirements of the FCRA, and has made a corporate decision to fail or refuse to provide adequate notice to Plaintiffs, and those similarly situated, of such adverse action. The Defendant has willfully chosen to shift the burden to Plaintiffs, and those similarly situated, to find out whether adverse action has been taken. This policy is in clear derogation of the Plaintiffs' rights under the FCRA.

30. The actions of the Defendant constitute willful noncompliance with the FCRA. 15 U.S.C. § 1681n(a).

31.     Plaintiffs, and those similarly situated, have suffered damages as a result of Defendant's willful violation of the FCRA, including actual damages and/or statutory damages and punitive damages, costs and attorneys' fees.

## COUNT TWO – NEGLIGENT VIOLATION OF THE FCRA

32.     Plaintiffs reallege and incorporate herein the allegations of paragraphs 1 to 23.

33.     By using the consumers' credit report and/or credit score in setting the mortgage insurance premiums Plaintiffs paid ($313.15 per month), the Defendant was clearly a user of consumer reports and took adverse action against the Plaintiffs. As such, the Defendant was obligated to provide a notice to Plaintiffs, pursuant to 15 U.S.C. § 1681m, and failed to do so in violation of the FCRA.

34.     In failing to provide notice to consumers when they use a consumer report to charge higher premiums for private mortgage insurance, the Defendant has been negligent in failing to comply with the requirements imposed by the FCRA.

35.     The Defendant has engaged in a pattern and practice of similar behavior, like that perpetrated on Plaintiff, and has failed to institute reasonable procedures to ensure compliance with the requirements of the FCRA.

36.     The actions of the Defendant constitute negligent noncompliance of the FCRA. 15 U.S.C. § 1681o.

37.     The Plaintiffs, as well as those similarly situated, have suffered damages as a result of Defendant's negligent violation of the FCRA, including actual damages, costs and attorneys' fees herein.

## COUNT THREE – DECLARATORY RELIEF

38. Plaintiffs reallege and incorporate herein the allegations of paragraphs 1 to 23.

39. Pursuant to 28 U.S.C. § 2201, Plaintiffs ask the Court to declare the rights of the parties herein regarding Defendant's obligation to provide adequate notice of adverse action as required by the Fair Credit Reporting Act.

## COUNT FOUR – INJUNCTIVE RELIEF

40. Plaintiffs reallege and incorporate herein the allegations of paragraphs 1 to 23.

41. Defendant continues to violate the rights of consumers in failing to provide notice of adverse action under the FCRA as outlined herein, and if not enjoined from such violations by the Court, the Defendant will continue to engage in conduct which disregards the rights of consumers.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs demands judgment against Defendant, as follows:

(a) Award the Plaintiffs their actual damages suffered as a result of Defendant's willful failure to comply with the FCRA; and/or,

(b) Award the Plaintiffs their actual damages suffered as a result of Defendant's negligent failure to comply with the FCRA;

(c) Award the Plaintiffs punitive damages, reasonable attorneys' fees, prejudgment interest, the costs and expenses incurred in this action, including experts' fees; and/or,

(d)     Grant Plaintiffs' requests for injunctive and declaratory relief; and,

(e)     Grant such other relief as may be appropriate under the statute and the circumstances.

### Trial by Jury

Plaintiffs demand trial by jury of all issues triable in this action.

_____
JERE L. BEASLEY (ASB# 1981-A35J)
jere.beasley@beasleyallen.com

_____
W. DANIEL "DEE" MILES, III (ASB# 7656-M75W)
dee.miles@beasleyallen.com

_____
ROMAN A. SHAUL (ASB# 5043-S58R)
roman.shaul@beasleyallen.com

Attorneys for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone No. (334) 269-2343
Fax No. (334) 954-7555

**Defendant may be served with process by and through their agent at:**

The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, Alabama 36109