IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANDREW & ALISA CROWDER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:06 CV 114-VPM |
| | ) | |
| PMI MORTGAGE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

**INTRODUCTION**

Plaintiffs' complaint must be dismissed because no private right of action is available for any of the claims asserted. Plaintiffs allege that PMI Mortgage Insurance Co. ("PMI") violated section 1681m of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.*, by failing to provide "adverse action" notices to them after their lenders allegedly charged plaintiffs more than the lowest available premium for mortgage insurance that the lenders obtained from PMI. But more than a year before plaintiffs filed their complaint Congress eliminated any private right of action under section 1681m. Every court to have considered the issue has held that these amendments eliminated any private right of action under section 1681m and vested exclusive enforcement of that provision in federal agencies. Because plaintiffs' claims all seek relief under section 1681m, they all fail as a matter of law.

Furthermore, Counts Three and Four, which seek injunctive and declaratory relief, also fail for want of a private right of action. The FCRA does not provide for private recovery of injunctive, declaratory, or any other form of equitable relief for the violations alleged here. Again, Congress has placed such relief exclusively in the hands

165874.1

of the federal agencies. The overwhelming majority of courts nationwide have agreed that the equitable relief sought here is unavailable as a matter of law.

## BACKGROUND

Plaintiffs Andrew and Alisa Crowder allegedly financed the purchase of their new home through the lender RBMG. (Complaint ("Compl.") ¶ 15.) As part of their loan transactions, plaintiffs allege they were required to pay premiums for mortgage insurance. (*Id.* ¶ 17.) Mortgage insurance "covers a lender for losses incurred when a borrower defaults on the repayment of a mortgage loan and the collateral is not sufficient to make the lender whole." *PMI Mortgage Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 394 F.3d 761, 762 (9th Cir.), *reh'g denied*, Nos. 03-15728, 03-16007, 2005 U.S. App. LEXIS 4016 (9th Cir. Mar. 10, 2005). Generally, lenders require the protection of mortgage insurance when a borrower obtains a loan for more than 80% of the value of the home being purchased, because a higher loan-to-value ratio means greater risk to the lender of a default-related loss on the loan. The mortgage insurance for plaintiffs' respective loan transactions was provided by PMI. (Compl. ¶ 16.)

Plaintiffs brought suit on February 6, 2006, alleging that PMI set their mortgage insurance premiums "[b]ased in whole or in part upon information contained in Plaintiffs' consumer report," and that the premium PMI charged to plaintiffs' lenders with respect to each transaction was "not the lowest premium available from [PMI]." (*Id.* ¶ 16.) Plaintiffs contend that PMI was required to send an "adverse action notice" under section 1681m of the FCRA after setting the premium, and that PMI failed to do so. (*Id.* ¶ 27.) Section 1681m requires users of consumer reports to send a consumer an "adverse action notice" when an "adverse action" is taken against the consumer based on those reports. 15 U.S.C. § 1681m. In essence, plaintiffs' contention is that PMI's alleged failure to charge plaintiffs' lenders the lowest premium available constituted an "adverse action" against plaintiffs and triggered the notice requirement of section 1681m.

The complaint contains four counts. The first and second counts are for negligent and willful violations of the FCRA, and the third and fourth counts are for injunctive and

declaratory relief. (Compl. ¶¶ 24-41.) All four counts are predicated on plaintiffs' claim that PMI violated section 1681m. (*Id.*)

## LEGAL STANDARD

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If as a matter of law it is clear that no relief could be granted under any set of facts that could be proven consistent with the complaint's allegations, dismissal under Rule 12(b)(6) is appropriate. *Id*. at 327. For example, dismissal is appropriate where a private plaintiff's claims are predicated on a statute for which no private right of action is available. *McDonald v. So. Farm Bureau Life Ins. Co.,* 291 F.3d 718, 726 (11th Cir. 2002).

.

## ARGUMENT

**I. PLAINTIFFS CANNOT STATE A CLAIM UNDER 15 U.S.C. § 1681m BECAUSE CONGRESS ELIMINATED ANY PRIVATE RIGHT OF ACTION UNDER THAT STATUTE**

Plaintiffs have no private right of action to bring the claims asserted. Before this action was filed, Congress amended the FCRA and expressly eliminated private civil actions for alleged violations of section 1681m. *See* Fair and Accurate Credit Transactions Act of 2003, Pub. L. No. 108-159, § 311, 117 Stat. 1952 ("FACTA"). As amended by FACTA, section 1681m now includes this language:

> (h) Duties of users in certain credit transactions
>
> > (8) Enforcement
> >
> > > (A) No civil actions. Sections . . . 1681n and 1681o [of this title] shall not apply to any failure by any person to comply with this section.[1]
> > >
> > > (B) Administrative enforcement. This section shall be enforced exclusively under section . . . [1681s of this title]

---

[1] Sections 1681n and 1681o are the sections of the FCRA that provide remedies for noncompliance. 15 U.S.C. §§ 1681n (willful noncompliance), 1681o (negligent noncompliance).

> by the Federal agencies and officials identified in that section.

15 U.S.C. § 1681m(h)(8) ("Enforcement Language").  The Enforcement Language became effective on December 1, 2004, more than a year before this action was commenced on February 6, 1006.  *See* FACTA, § 3 (effective dates set by regulation); 16 C.F.R. § 602.1(c)(3)(xiii) (2005) (FACTA amendments effective December 1, 2004).

The Enforcement Language is plain and unambiguous.  Under the title "No civil actions," section 1681m(h)(8)(A) states that "[s]ections . . . 1681n and 1681o [of this title]" — the only sections authorizing private civil actions for FCRA violations — "shall not apply to any failure by any person to comply with this section."  15 U.S.C. § 1681m(h)(8)(A).  Given the plain and unambiguous language used by Congress, the judicial inquiry into statutory construction should be complete upon examination of section 1681m(h)(8)'s text.  *See Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) (citations omitted) ("It is well established that 'when the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.'"); *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (citations omitted) ("When the words of a statute are unambiguous, then, the first canon is also the last: 'judicial inquiry is complete . . . .'"); *United States v. Curtis*, 988 F.2d 946, 948 (9th Cir. 1993) (citation omitted) ("[I]f the language of a statute is unambiguous, its plain meaning controls.").  The meaning of the Enforcement Language is clear:  no private right of action exists under section 1681m.  Instead, Congress vested the Federal Trade Commission with exclusive authority to enforce that section.  15 U.S.C. § 1681m(h)(8).  This enforcement scheme is consistent with other FCRA provisions providing the same manner of enforcement of other FCRA-imposed duties.  *See* 15 U.S.C. §§ 1681g(e)(6), 1681s-2(c)-(d).

Every court to have considered whether FACTA eliminated private rights of action under section 1681m has concluded that no private right of action remains.  *See,e g., Harris v. Fletcher Chrysler Prods., Inc.*, No. 1:05-cv-1140-LJM-VSS, 2006 WL

279030 (S.D. Ind. Feb. 2, 2006); *Stavroff v. Gurley Leep Dodge, Inc.*, No. 3:05 CV 229, 2006 U.S. Dist. LEXIS 3955 (N.D. Ind. Jan. 20, 2006); *Tremble v. Town & Country Credit Corp.*, No. 05 C 2625, 2006 U.S. Dist. LEXIS 1835 (N.D. Ill. Jan. 18, 2006); *White v. E-Loan, Inc.*, No. C 05-02080 SI, 2006 U.S. Dist. LEXIS 3764 (N.D. Cal. Jan. 13, 2006); *Murray v. Fin. Am.*, No. 05 C 1255, slip op. (N.D. Ill. Jan. 5, 2006); *Murray v. Am. Int'l Group*, No. 05 C 3881, slip op. (N.D. Ill. Dec. 23, 2005); *Wanek v. CMA Mortgage Inc.*, No. 05 C 4775, slip op. (N.D. Ill. Dec. 12, 2005); *Hernandez v. Citifinancial Servs. Inc.*, No. 05 C 2263, 2005 U.S. Dist. LEXIS 32532 (N.D. Ill. Dec. 9, 2005); *Phillips v. Accredited Home Lenders Holding Co.*, No. 05 C 851, slip op. (C.D. Cal. Dec. 9, 2005); *McCane v. Am.'s Credit Jewelers, Inc.*, No. 05-C-5089, 2005 U.S. Dist. LEXIS 30961, at *6, 10-11 (N.D. Ill. Dec. 1, 2005); *Phillips v. New Century Fin. Corp.*, No. SA CV 05-0692 DOC (RNBx), slip op. at 3-5 (C.D. Cal. Nov. 9, 2005); *Murray v. New Cingular Wireless II, LLC*, No. 05-C-1334, 2005 U.S. Dist. LEXIS 39561, at *1-3 (N.D. Ill. Nov. 2, 2005); *Pietras v. Curfin Oldsmobile, Inc.*, No. 05-C-4624, 2005 U.S. Dist. LEXIS 26510, at *10-15 (N.D. Ill. Nov. 1, 2005); *Perry v. First Nat'l Bank*, No. 05-C-1470, 2005 U.S. Dist. LEXIS 23100, at *4-6 (N.D. Ill. Sept. 13, 2005); *Murray v. Cross Country Bank*, 399 F. Supp. 2d 843, 845 (N.D. Ill. 2005); *Murray v. Household Bank (SB), N.A.*, 386 F. Supp. 2d 993, 999 (N.D. Ill. 2005).

Plaintiffs' complaint should be dismissed with prejudice in its entirety.

## II.     DECLARATORY AND INJUNCTIVE RELIEF ARE NOT AVAILABLE TO PRIVATE LITIGANTS UNDER THE FCRA.

Counts Three and Four, which purport to state claims for declaratory and injunctive relief, should be dismissed for the additional, independent reason that such relief is not available under the FCRA. The sections of the FCRA allowing private litigants to bring suit for alleged violations of the statute provide only for actual and statutory damages, punitive damages, and attorney's fees to successful litigants. They do not authorize injunctive, declaratory, or any other form of equitable relief. 15 U.S.C. §§ 1681n, 1681o.

165874.1

By contrast, as the Fifth Circuit explained in dismissing claims for injunctive relief under the FCRA, "where Congress intended to allow private injunctive relief under the FCRA, it expressly stated that this relief was available." *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 269 (5th Cir. 2000); *see* 15 U.S.C. § 1681u(m) (expressly providing for "[i]njunctive relief . . . [i]n addition to any other remedy contained in this section" where consumers sue the government for improperly obtaining information for counterintelligence purposes).

By declining to provide for such injunctive relief for private litigants suing for general violations of the FCRA, Congress deliberately limited such relief to the Federal Trade Commission, which has the power to enforce the FCRA through cease and desist orders. *See* 15 U.S.C. § 1681s(a)(1) (allowing the FTC to use its powers under the FTC Act to enforce the FCRA); 15 U.S.C. § 45(b) (FTC's powers under the FTC Act include power to issue cease and desist orders). As the Fifth Circuit held, "the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC." *Washington*, 199 F.3d at 268.

Courts in the Eleventh Circuit are in uniform agreement with the Fifth Circuit's holding in *Washington* that equitable relief is not available to private plaintiffs under FCRA. *See Rainwater v. BellSouth Corp.*, No. 3:02cv349/RV, slip op. at 6-7 (N.D. Fla. Jan. 29, 2003); *Weatherly v. GEICO Gov't Employees Ins. Co.*, No. 8:02-cv-1174-T-26TBM, slip op. (M.D. Fla. Oct. 15, 2002); *Detweiler v. Bankers Ins. Group*, No. 8:02-cv-1084-T-26EAJ, slip op. (M.D. Fla. Oct. 8, 2002); *Craft v. Sprint Corp.*, No. 4:02cv183-RH, slip op. at 9-11 (N.D. Fla. Oct. 15, 2002); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 285 (S.D. Fla. 1995). And courts nationwide have also overwhelmingly agreed with the Fifth Circuit's holding. *Yeagley v. Wells Fargo & Co.*, No. C 05-03403 CRB, 2006 WL 193257, at *2 (N.D. Cal. Jan. 23, 2006); *White*, 2006 U.S. Dist. LEXIS 3764, at *4 n.6; *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139,

1145 (N.D. Cal. 2005); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 339-40 (N.D. Ill. 2002); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 285 (S.D. Fla. 1995); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998); *Ditty v. Checkrite Ltd.*, 973 F. Supp. 1320, 1338 (D. Utah 1997); *Kekich v. Travelers Indem. Co.*, 64 F.R.D. 660, 668 (W.D. Pa. 1974).

Plaintiffs cannot rely on the Declaratory Judgment Act as an alternative basis for seeking declaratory relief. The Act is procedural only and does not expand the Court's jurisdiction under the FCRA. *Trans Union*, 211 F.R.D. at 340 (citing *Skelly Oil Co. v. Philips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)). In addition, where a plaintiff merely seeks a declaration that the defendant violated the FCRA as plaintiffs do here, the claim for declaratory relief "is not the type of action contemplated by the Declaratory Judgment Act." *Trans Union*, 211 F.R.D. at 340. As the court explained, "[t]he primary purpose of the Act is to avoid accrual of avoidable damages to one not certain of his rights and to afford him early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." *Id.* (citation omitted). That is not the case here, as plaintiffs have alleged no basis for the Court to conclude that they are concerned about potential liability to PMI. Counts Three and Four should be dismissed.

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed with prejudice.

Respectfully submitted this 1st day of March, 2006.

/s/ James A. Byram, Jr.
One of the Attorneys for Defendant
PMI Mortgage Insurance Co.

OF COUNSEL:

James A. Byram, Jr. (BYR003)
Kelly F. Pate (FIT014)
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, AL  36101-0078
(334) 834-6500
(334) 269-3115 (fax)

165874.1

-7-

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served upon the following by CM/ECF on this 1st day of March, 2006:

Jere L. Beasley, Esq.
W. Daniel "Dee" Miles, III, Esq.
Roman A. Shaul, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
    PORTIS & MILES, P.C.
272 Commerce Street
P. O. Box 4160
Montgomery, AL  36103-4160

                                      /s/ James A. Byram, Jr.
                                      Of Counsel