Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 517653 (C.D.Cal.)  
**(Cite as: 2006 WL 517653 (C.D.Cal.))**

Page 1

<br>

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,  
C.D. California.  
Pamela PHILLIPS  
v.  
NEW CENTURY FINANCIAL CORPORATION,  
New Century Mortgage Corporation, Home 123  
Corporation, and Does 1-10  
**No. SACV050692DOCRNBX.**

March 1, 2006.

David S. Markun, Markun Zusman and Compton, Pacific Palisades, CA, David Edward Weeks, Nicholas A. Siciliano, Masry & Vititoe, Westlake Village, CA, Douglas Bowdoin, Orlando, FL, Edward S. Zusman, Kevin K. Eng, Markun Zusman and Compton, San Francisco, CA, Kathleen Clark

Knight, Terry Smiljanich, James Hoyer Newcomer & Smiljanich, Tampa, FL, for Pamela Phillips.

Bruce A. Friedman, Daniel Alberstone, David Bryan Dreyfus, Pauline A. Massih, Alschuler Grossman Stein and Kahan, Santa Monica, CA, for New Century Financial Corporation.

*CIVIL MINUTES--GENERAL*

CARTER, J.

DOCKET ENTRY

*1 [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

Date: _____    Deputy Clerk: _____

```
         Kristee Hopkins                  Not Present
      ------------------------        -------------------
        Courtroom Clerk                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANT6:

        NONE PRESENT                    NONE PRESENT
```

PROCEEDING (IN CHAMBERS):   AMENDED ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). The Court finds that the matter is appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local Rule 7-15. Accordingly, the hearing set for November 7, 2005 was removed from the Court's calendar. After reviewing the moving and opposing papers, and for the reasons set forth below, the Court DENIES Defendants' motion to dismiss Plaintiff's second, fourth, and sixth causes of action. [FN1]

> FN1. This Amended Order supercedes the Court's initial November 9, 2005 Order on this Motion. The Ninth Circuit has clearly held that "a district court may reconsider its prior rulings so long as it retains jurisdiction over the case." *United States v. Smith,* 389 F.3d 944, 948 (9th

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit E

Not Reported in F.Supp.2d                                                                                                  Page 2
Not Reported in F.Supp.2d, 2006 WL 517653 (C.D.Cal.)
**(Cite as: 2006 WL 517653 (C.D.Cal.))**

Cir.2004); see also *City of Los Angeles v. Santa Monica Baykeeper,* 254 F.3d 882, 888 (9th Cir.2001) (holding that district court had discretion to reconsider its own prior order *sua sponte,* and stating that "[a]ll rulings of a trial court are subject to revision at any time before the entry of judgment."). The present case is still ongoing in this Court, and thus the Court has the authority to reconsider its November 9, 2005 Order at its discretion.

I. BACKGROUND

Defendant New Century Financial Corporation ("New Century") sells home mortgages throughout the country through its subsidiaries, Defendants New Century Mortgage Corporation and Home 123 Corporation. In October of 2004, Defendants obtained Plaintiff's consumer report without her knowledge or consent, and after doing so, mailed Plaintiff a solicitation to enter into a home mortgage transaction.

On July 18, 2005, Plaintiff filed a class action lawsuit against Defendants, alleging that Defendants' mortgage solicitation violated 15 U.S.C. § 1681 *et seq,* the Fair Credit Reporting Act ("FCRA"), in two respects. First, Plaintiff claims that Defendants used her consumer report in the absence of one of the permissible purposes listed in 15 U.S.C. § 1681b. The foundation for Plaintiff's argument is that, in the absence of a consumer-initiated transaction, the FCRA only allows the use of an individual's consumer report in limited circumstances. One such circumstance is that in which the third party intends to extend to the consumer a "firm offer of credit" (i.e., one that will be honored if the consumer meets specific criteria used to select the consumer for the offer). Plaintiff claims that Defendants' solicitation is not a firm offer of credit because it does not set forth any actual terms, such as an interest rate, method of computing interest, or length of repayment, and is thus too vague to constitute any offer whatsoever.

Next, Plaintiff alleges that Defendants violated the FCRA by failing, in their mortgage solicitation, to provide the necessary disclosures in a "clear and conspicuous manner," as required by 15 U.S.C. § 1681m(d). Plaintiff bases this claim on the fact that the disclosures were printed on the reverse side of the solicitation and in a smaller font.

*2 Defendants now move to dismiss Plaintiff's second, fourth, and sixth causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Each of these causes of action is predicated solely on Defendants' alleged violations of section 1681m(d). Plaintiff's claims for violations of section 1681b are not addressed in Defendants' motion to dismiss.

II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. The Court must construe the complaint liberally, and dismissal should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support such a theory).

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal,* 10 F.3d 667, 670 (9th Cir.1993); *Balistreri,* 901 F.2d at 699; *Cadillac Fairview v. Dow Chem. Co.,* 840 F.2d 691, 693 (9th Cir.1988).

III. DISCUSSION

Defendants move to dismiss Plaintiff's second, fourth, and sixth causes of actions on the grounds that the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which amended the FCRA, eliminated private rights of action for section 1681m(d) violations. Plaintiff disputes Defendants' interpretation of the scope of FACTA, arguing that private rights of action for section 1681m(d) violations survive notwithstanding the amendments. Plaintiff additionally contends that, even if Defendants' interpretation of the amendments is correct, the statute does not apply to Plaintiff because it has impermissible retroactive effects. Finally, Plaintiff asserts that the General Savings Statute provides an independent basis for preserving Plaintiff's causes of action for section 1681m(d) violations.

A. Private Rights of Action Under 15 U.S.C. § 1681m(d) After FACTA

Defendants move to dismiss on the grounds that the Fair and Accurate Transactions Act ("FACTA"), which was enacted in 2003 and amended the FCRA, eliminated private rights of action for violations of section 1681m(d). Specifically, Defendant contends that section 311(a) of FACTA, Pub.L. No. 108-159, 117 Stat.1952 (2003), amended the FCRA to vest government agencies with exclusive jurisdiction to enforce section 1681m and all of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit E

Not Reported in F.Supp.2d                                                                                             Page 3
Not Reported in F.Supp.2d, 2006 WL 517653 (C.D.Cal.)
**(Cite as: 2006 WL 517653 (C.D.Cal.))**

its subsections. In response, Plaintiff asserts that Defendant has misinterpreted FACTA's effect on private rights of action under section 1681m(d)

As amended by FACTA, section 1681m of the FCRA now includes the following language at the end of that section:

*3 (8) Enforcement

(A) No civil actions. Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with *this section*.

(B) Administrative enforcement. *This section* shall be enforced exclusively under section 1681s by the Federal agencies and officials identified in that section."

15 U.S.C. § 1681m(h)(8) (emphasis added). The language of section 1681m(h)(8) is direct and unambiguous; Congress's intent in inserting this provision was clearly to foreclose private rights of action for violations of at least a portion of section 1681m. The problem, however, is that while Congress placed this enforcement provision within subsection 1681m(h), the repeated reference to "this section" suggests that the provision applies to the whole of section 1681m. Thus, the issue is whether the enforcement provision applies to section 1681m in its entirety, or only to subsection 1681m(h).

This issue has been thoroughly addressed by the courts in the Northern District of Illinois. *See Pietras v. Curfin Oldsmobile, Inc.*, 2005 WL 2897386 (N.D.Ill. Nov.1, 2005); *Murray v. Cross Country Bank*, 2005 WL 2644961 (N.D.Ill. Aug.15, 2005); *Murray v. Household Bank (SB), N.A.*, 386 F.Supp.2d 993 (N.D.Ill.2005); *see also Phillips v. Accredited Home Lenders Holding Co.*, No. SA CV 05-0851, slip op. 3-4 (C.D.Cal. Dec. 9, 2005). In each of these cases, the court held that the enforcement provision was meant to apply to section 1681m in its entirety.

The Court agrees with the well-reasoned decisions of the Northern District of Illinois, and concludes that Congress intended the enforcement provision to apply to the whole of section 1681m. Plaintiff's argument that the enforcement provision was meant to apply solely to subsection 1681m(h) is untenable on several grounds. First, when construing statutory language, the Court "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Accordingly, the Court will presume that Congress, in using the word "section," meant section-- not "subsection," as Plaintiff urges. Second, the fact that Congress distinguished between "sections" and "subsections" throughout section 1681m strongly suggests that it acknowledged the different meanings of these terms. *See Duncan v. Walker*, 533 U.S. 167, 173, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (stating the presumption that Congress acts "intentionally and purposefully" in using particular statutory language); *Cross Country Bank*, 2005 WL 2644961, at *1 (finding that, in drafting the FCRA, Congress appreciated the different meanings of the terms "section" and "subsection"). For example, just within section 1681m, Congress refers to sections 1681o, 1681n, and 1681s as "sections," while referring to 1681m(f)(2) and 1681m(h)(3) as "subsections." *See id.* at *1.

Third, the context of the enforcement provision further supports the Court's conclusion. The provision is the only portion of section 1681m that speaks to enforcement. Interpreting it to apply only to subsection (h) would leave the courts with no guidance as to who is entitled to sue for violations of the remaining subsections of section 1681m. Finally, interpreting "this section" to mean "this subsection" would generate absurd results. If the Court were to interpret the term "section" to mean "subsection" in section 1681m(h)(8), the Court would have to give the same meaning to the six other references to "this section" in section 1681m. One such reference appears in section 1681m(c), which provides:

*4 (c) Reasonable procedures to assure compliance. No person shall be held liable for any violation of *this section* if he shows by a preponderance of the evidence that at the time of the alleged violation he maintained reasonable procedures to assure compliance with the provisions of *this section*.

15 U.S.C. § 1681m(c) (emphasis added). Interpreting "section" to mean "subsection" in this provision would render section 1681m(c) nonsensical, since the provision itself sets forth no rules for compliance or violation. *See Pietras*, 2005 WL 2897386, at *4-5 (finding that interpreting "section" to mean "subsection" would lead to absurd results). To avoid such results, the Court must give the term "section" its plain meaning.

Plaintiff additionally argues that because FACTA's legislative history is silent on eliminating private rights of action under section 1681m, Congress did not intend to affect such a sweeping change to the enforcement mechanisms. Plaintiff's argument would have merit if the language of section 1681m(h)(8) was ambiguous. However, because the term "section" is unambiguous, the Court cannot examine the provision's legislative history. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, --- U.S. ----, 125 S.Ct. 2611, 2626, 162 L.Ed.2d 502 (2005). The Court accordingly declines Plaintiff's invitation to look beyond the text of the statute, and will give the term "section" its plain meaning.

For these reasons, the Court finds that the enforcement

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit E

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 517653 (C.D.Cal.)  
**(Cite as: 2006 WL 517653 (C.D.Cal.))**

Page 4

provision found in section 1681m(h)(8) applies to the entirety of section 1681m, including, of course, section 1681m(d). Thus, the Court concludes that Congress eliminated the private right of action under section 1681m through the passage of FACTA.

B. Retroactivity of the FACTA Amendments

Plaintiff's argument on this issue is that irrespective of whether section 311(a) of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub.L. No. 108-159, 117 Stat.1952 (2003), amended the FCRA to eliminate the private right of action under section 1681m, Plaintiff received the letter in question in October 2004, prior to the December 1, 2004 effective date of the FCRA's amendment, see 16 C.F.R. § 602.1(c)(3). As such, Plaintiff argues, applying the amendment to bar her claims would have an impermissible retroactive effect. The Court notes initially that the Seventh Circuit is the only court of appeal to have decided this issue, finding that the amendment does not apply retroactively to credit offers made before FACTA's effective date. See *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 951 (7th Cir.2006) (Easterbrook, J.) (concluding that section 311(a) does not apply to conduct occurring before the effective date of the amendment); *see also Fisher v. Fin. Am., LLC,* No. SA CV 05-0888, slip op. at 15 (C.D. Cal. Jan. 24, 2006) (same). Because the question is not settled in the Ninth Circuit, this Court must assess whether the application of section 311(a) to Plaintiff will have impermissible retroactive effects.

*5 The Court's inquiry into the retroactivity of section 311(a) is guided by the two-step analysis set forth in *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Under *Landgraf,* the Court must first examine the language of the statute "to determine whether Congress has expressly prescribed the statute's proper reach." *Id.* at 280. If the statutory language expressly provides for either prospective or retroactive application, then the Court is required "to give effect to the congressional will, subject only to constitutional constraints." *Koch v. SEC,* 177 F.3d 784, 786 (9th Cir.1999). However, if the statute does not clearly specify its temporal reach, the Court must proceed to the second step in the *Landgraf* analysis, under which the Court determines "whether the new statute would have retroactive effect, i.e., whether it would impair rights a party had when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf,* 511 U.S. at 280. Any statute found to have retroactive effects is presumptively invalid, and will not govern absent a clear congressional mandate. *Id.* This presumption against retroactivity applies with equal force to new enactments and amendments to existing statutes. *Jones Stevedoring Co. v. Dir., Office of Workers Comp. Programs,* 133 F.3d 683, 687 (9th Cir.1997).

In accordance with *Landgraf,* the Court examines the language of section 1681m to determine whether Congress expressly prescribed the statute's temporal reach. As amended by FACTA, section 1681m includes a new provision entitled "Enforcement," which merely states that "[t]his section shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section." 15 U.S.C. § 1681m(h)(8)(B). Nothing in the text suggests that the enforcement provisions were meant to apply either prospectively or retrospectively, and the statute makes no explicit reference to its effect, if any, on pre-enactment conduct. Accordingly, the Court finds that section 311(a) of FACTA does not expressly prescribe its own temporal reach.

As such, the Court must address the second prong of the *Landgraf* test. Under this prong, the question is whether application of the statute will have retroactive effects. *Landgraf,* 511 U.S. at 280. As noted above, a statute has retroactive effects if it impairs rights that a party had when he or she acted. *Id.* Plaintiff claims that the application of the amendment to her would impair rights that she had when she received the letters, namely the right to sue for the lack of the required "clear and conspicuous" disclosures.

The Court agrees with Plaintiff that, under Ninth Circuit law, a statute eliminating a private right of action under a given law has a retroactive effect. A closely analogous situation to the one at hand was addressed in *Scott v. Boos,* 215 F.3d 940 (9th Cir.2000). In *Scott,* the Ninth Circuit determined that the new law, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "ha[d] retroactive effect because prior to the PSLRA a plaintiff had a RICO claim based on defendants' alleged securities fraud, while afterwards a plaintiff d[id] not." *Id.* at 944-45. The *Scott* court relied on "an alternative test endorsed in *Landgraf*" for its conclusion, concerning situations where " 'new legal consequences [attach] to events completed before [a statute's] enactment.' " *Id.* at 946 (quoting *Landgraf,* 511 U.S. at 270). The *Scott* court then determined that because the legal consequences of the defendants' actions were different before and after the PSLRA--i.e., the defendants were previously subject to both federal securities violations and RICO violations, while after the amendment, the defendants' only liability for the same activity was for federal securities violations--the amendment had retroactive effect. *Id.* at 946-47.

*6 Similar to *Scott,* the present case involves a scenario

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit E

Case 2:06-cv-00114-VPM   Document 9-6   Filed 03/16/2006   Page 5 of 5

Not Reported in F.Supp.2d                                                                                          Page 5
Not Reported in F.Supp.2d, 2006 WL 517653 (C.D.Cal.)
**(Cite as: 2006 WL 517653 (C.D.Cal.))**

whereby defendants' actions gave rise to different legal consequences before and after the effective date of section 311(a). Before the amendment, consumers who received illegal credit solicitations could sue to ensure defendants' compliance with the law, whereas after FACTA, consumers could no longer sue privately and instead were forced to rely exclusively on administrative enforcement. See 15 U.S.C. §§ 1681m(h)(8), 1681s. The practical effect of the change is that an entire class of plaintiffs is eliminated, and defendants now face a significantly lesser chance of being held liable. Cf. Hughes Aircraft Co. v. United States, 520 U.S. 939, 949-52, 117 S.Ct. 1871, 138 L.Ed.2d 135 (1997) (holding that expansion of private right of action where the action was previously foreclosed affected the substantive rights of the parties and thus had retroactive effects under Landgraf ). This constitutes impermissible retroactive effects and counsels against applying the amendment to bar Plaintiff's claim.

Furthermore, despite Defendant's argument to the contrary, it is clear that the focus should be on the date the conduct at issue took place, not the date that Plaintiff brought suit to effectuate her rights. See Hughes Aircraft, 520 U.S. at 947 ("[T]he principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal."); Scott, 215 F.3d at 949 ("[T]he Landgraf test ... appears to focus on parties' actions, not the date of the filing of the claim.... The date of a filing of a claim does not appear relevant...."). Defendant sent, and Plaintiff received, the allegedly illegal letter before the effective date of section 311(a). The receipt of that letter gave rise to Plaintiff's cause of action under the then-existing law. The fact that Plaintiff waited until after the amendment took effect to file suit does not vitiate the illegality of Defendant's conduct or bar Plaintiff's claim absent an applicable statute of limitations, which does not exist in the present case.

Finally, the Court does not agree that Southwest Center for Biological Diversity v. United States Department of Agriculture, 314 F.3d 1060 (9th Cir.2002), governs this case. Initially, the Court notes that the facts here are significantly more closely analogized to Scott than to Southwest, as the issue at hand, like in Scott, concerns the elimination of a private right of action by statutory amendment. The Court admits that it is unclear whether the Ninth Circuit intended to add an additional requirement to the retroactivity analysis through its holding in Southwest, as Defendant appears to argue. See Def.'s Reply 5:23-24. What is clear, however, is that no court has ever cited Southwest for the proposition that there cannot be retroactive effects without proof that a plaintiff affirmatively acted in reliance on the prior law, as Defendant urges. The Court does not read the Southwest court in its brief opinion to have created a broad new rule of general applicability, but instead to have limited its holding to the facts before it. See Southwest, 314 F.3d at 1062. The Ninth Circuit has never cited Southwest, and the two district courts that have did not cite the case for the proposition that a showing of reliance is required. See Cascadia Wildlands Project v. United States Forest Serv., 386 F.Supp.2d 1149 (D.Or.2005); Akee v. Dow Chem. Co., 272 F.Supp.2d 1112, 1125 (D.Haw.2003). The Court concludes that Scott, not Southwest, governs this case.

*7 Accordingly, the Court concludes that the FACTA amendment eliminating the private right of action does not bar Plaintiff's claim. To hold otherwise would have impermissible retroactive effects under Landgraf and Scott. The Court therefore DENIES Defendants' Motion as to Plaintiff's second, fourth and sixth causes of action. [FN2]

> FN2. Because the Court has concluded that the FACTA amendment does not bar Plaintiff's claims, the Court need not reach Plaintiff's alternative argument that his action is permitted by the General Savings Statute, 1 U.S.C. § 109.

IV. DISPOSITION

For the reasons set forth above, the Court DENIES Defendants' Motion.

The Clerk shall serve this minute order on all parties to the action.

Not Reported in F.Supp.2d, 2006 WL 517653 (C.D.Cal.)

**Motions, Pleadings and Filings (Back to top)**

• 8:05cv00692 (Docket) (Jul. 18, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit E