IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREW & ALISA CROWDER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:06 CV 114-VPM |
| | ) |
| PMI MORTGAGE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

### REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant PMI Mortgage Insurance Co. ("PMI") respectfully submits this reply brief in support of its Motion to Dismiss. For the reasons discussed herein and in its principal brief, PMI's Motion to Dismiss is due to be granted.

### INTRODUCTION

Plaintiffs do not dispute that Congress eliminated the private right of action for alleged violations of section 1681m of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq.* Instead, plaintiffs attempt to save their FCRA claims by arguing that *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), compels a finding that the FCRA amendments at issue (the "Enforcement Language") would be impermissibly retroactive if applied to this case. Plaintiffs' argument is fundamentally mistaken, because there is no issue of retroactivity to be resolved under *Landgraf.* Furthermore, plaintiffs rely on Ninth Circuit law and Seventh Circuit dicta to support their argument and improperly omit contrary authority from courts in the Eleventh Circuit.

The *Landgraf* analysis applies only if the conduct regulated by an amendment occurred before the amendment took effect. The conduct regulated by the Enforcement Language is

166448.1

whether plaintiffs can bring an action to enforce section 1681m. The Enforcement Language does not change any of the *FCRA*'s substantive requirements that apply to PMI's conduct. Thus, the only regulated conduct here — the filing of this action — took place <u>after</u> the Enforcement Language became effective. In dismissing plaintiffs' *FCRA* claims, the Court would be applying the Enforcement Language <u>prospectively</u>, not retroactively. *Landgraf* therefore does not apply. Judge Darrah of the Northern District of Illinois recently reached precisely that conclusion in a FCRA action brought under section 1681m. *See Killingsworth v. Household Bank (SB), N.A.*, No. 05 C 5729, 2006 U.S. Dist. LEXIS 4050 (N.D. Ill. Jan. 31, 2006) (attached hereto as Ex. A). Plaintiffs omit this important decision from their opposition brief.

Plaintiffs rely instead on three decisions from district courts in the Ninth Circuit, all holding that *Landgraf* precluded application of the Enforcement Language to section 1681m claims arising out of pre-effective date conduct. Plaintiffs' reliance on these cases is misplaced and would lead this Court to error. All three decisions are based on a unique Ninth Circuit case concerning retroactivity — *Scott v. Boos*, 215 F.3d 940 (9th Cir. 2000) — that is <u>not</u> followed in the Eleventh Circuit. District courts in this Circuit have expressly declined to follow *Scott* and have instead concluded that it is <u>not</u> impermissibly retroactive to apply a statute eliminating the right to bring a cause of action to an action filed <u>after</u> the statute took effect, even though the conduct giving rise to the claim occurred prior to the effective date. *See Fla. Evergreen Foliage v. E.I. du Pont de Nemours & Co.*, 165 F. Supp. 2d 1345, 1359 (S.D. Fla. 2001); *Kolfenbach v. Mansour*, 36 F. Supp. 2d 1351, 1354 (S.D. Fla. 1999). Plaintiffs fail to cite these cases.

In short, if the Court follows the decisions of district courts in the Eleventh Circuit rather than in the Ninth Circuit, it can reach only one conclusion: plaintiffs' FCRA claims are barred by the Enforcement Language because this action was brought after the amendment's effective

date. It is legally irrelevant for purposes of retroactivity analysis that PMI's alleged conduct occurred before the effective date of the statute.

## ARGUMENT

### I. THERE IS NO ISSUE OF RETROACTIVITY, BECAUSE THE REGULATED CONDUCT OCCURRED AFTER THE EFFECTIVE DATE OF THE AMENDMENT.

Plaintiffs launch immediately into the *Landgraf* analysis without analyzing whether there is even an issue of retroactivity that must be resolved.[1] *Landgraf* holds that retroactive application of a statute is improper when (1) there has been an "unambiguous directive" from Congress stating an intent to apply the statute only prospectively, or (2) retroactive application would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 263, 280.

The *Landgraf* analysis pertains only when a statute is being applied retroactively, which is not the case here. *Landgraf* itself confirms that a "statute does not operate retrospectively merely because it is applied in a case arising from conduct antedating the statute's enactment." 511 U.S. at 269 (citation and internal quotations omitted). Instead, as the concurrence in *Landgraf* explains, the "critical issue" for application of the retroactivity analysis "is not whether the rule affects 'vested rights,' or governs substance or procedure, but rather <u>what is the relevant activity that the rule regulates</u>." *Id.* at 291 (Scalia, J., concurring) (emphasis added). It is that conduct which must antedate the statute's effective date. Here, the only conduct regulated by the

---

[1] Plaintiffs misleadingly suggest that PMI has conceded that it violated the FCRA by not sending an adverse action notice to plaintiffs. (Plaintiffs' Response to Defendant's Motion to Dismiss ("Opp.") at 1 & n.1.) PMI denies, among other things, that it was ever required to send an adverse action notice. At this time, though, PMI does not believe that a discussion of the merits is appropriate, as plaintiffs have yet to demonstrate that they even have a right to bring this suit.

Enforcement Language is the bringing of private lawsuits to enforce section 1681m, which here indisputably occurred after the effective date of the amendment. Thus, applying the Enforcement Language to plaintiffs' suit is prospective, not retroactive.

PMI is simply asking this Court to follow the well-established principle that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary." *Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 711 (1974) (emphasis added). The Enforcement Language was the law in effect at the time plaintiffs filed this action. There is no "statutory direction or legislative history" indicating that the Enforcement Language should not be applied to bar plaintiffs' claims. Nor is there anything approaching "manifest injustice." Plaintiffs contend that if their claims are barred plaintiffs will have to continue to pay the "exorbitant" mortgage insurance premium "which they cannot afford." (Opp. at 7.) But plaintiffs mislead the Court. This action does not challenge the amount of the mortgage insurance premium; rather, the complaint is that PMI failed to send an "adverse action" notice to plaintiffs after their loan closed. Plaintiffs would be obligated to continue to pay their mortgage insurance premium to their lender regardless of the outcome of this action. Thus, there is no "manifest injustice" in applying the Enforcement Language.

Judge Darrah recently concluded in a FCRA action brought under section 1681m that whether a plaintiff can file suit is an issue that is determined at the time the suit is filed. *See Killingsworth*, 2006 U.S. Dist. LEXIS 4050, at *13. Judge Darrah held that, "because Killingsworth filed this suit after the December 1, 2004 effective date of [the Enforcement Language], the Court need not determine whether or not the statutory provision should be

applied retroactively." *Id.*, at *12. Judge Darrah thus dismissed the plaintiff's section 1681m claim without conducting a *Landgraf* analysis. *Id.*, at *13.

Plaintiffs fail to cite *Killingsworth* even though it is directly on point. The Court should follow *Killingsworth* and dismiss this action without engaging in a *Landgraf* retroactivity analysis. However, as demonstrated in the next section, the Court would reach the same conclusion under *Landgraf*.

## II. PLAINTIFFS' CLAIMS WOULD BE BARRED EVEN UNDER LANDGRAF.

Plaintiffs contend that the Enforcement Language cannot be applied retroactively to bar their claims because PMI's alleged conduct occurred prior to the amendment's effective date. As support, plaintiffs rely on three decisions from district courts in the Ninth Circuit that reached the conclusion plaintiffs urge here. (Opp. at 8 (citing *Fisher v. Fin. Am., LLC*, No. 8:05 CV 0888 (C.D. Cal. Jan. 24, 2006); *Phillips v. New Century Fin. Corp.*, No. 05-CV-00692, 2006 WL 517653 (C.D. Cal. Mar. 1, 2006); *Parthiban v. GMAC Mortgage Corp.*, No. SA CV 05-768 DOC (C.D. Cal. Mar. 8, 2006)).) But plaintiffs' reliance on Ninth Circuit law would lead this Court to error. These district court decisions are all based on a unique Ninth Circuit retroactivity case, *Scott v. Boos*, 215 F.3d 940 (9th Cir. 2000), that is not followed in the Eleventh Circuit.

In *Scott*, the Ninth Circuit considered the retroactive application of an amendment that eliminated a plaintiff's right to bring civil RICO claims predicated on securities fraud. 215 F.3d at 944-45. The Ninth Circuit held that the amendment could not bar a claim brought after the amendment's effective date where defendant's conduct giving rise to the action occurred prior to the effective date. *Id.*

The courts in the Eleventh Circuit that have addressed the retroactive application of the same amendment discussed in *Scott* have reached the opposite result, and have expressly

Case 2:06-cv-00114-VPM    Document 11    Filed 03/20/2006    Page 6 of 17

declined to follow the Ninth Circuit. Plaintiffs fail to cite these cases, even though they are dispositive of the *Landgraf* argument here. In *Kolfenbach v. Mansour*, 36 F. Supp. 2d 1351 (S.D. Fla. 1999), the plaintiff filed a RICO claim predicated on securities fraud after Congress eliminated his right to bring such a claim. *Id.* at 1352. Like plaintiffs here, the plaintiff in *Kolfenbach* argued that applying the statute to bar his claim would be impermissibly retroactive under *Landgraf* because "he possessed a right to bring a civil RICO claim when the allegedly violatory conduct occurred." *Id.* at 1353. The court rejected this argument and held that there is no retroactive effect since the complaint was filed after the effective date of the statute. *Id.* at 1354. The court explained:

> Plaintiff's arguments as to the impairment of [his] rights is fatally flawed. There is a difference between extinguishing some amorphous possibility of bringing a claim, and the right to pursue a claim once brought. Those courts holding that a retroactive application of [the statute at issue] would have retroactive effect under *Landgraf* addressed cases where civil RICO claims were already pending at the time the [statute] became effective. That is, the right to bring a securities fraud-based civil RICO suit had "vested" when the plaintiffs filed suit before the [statute] became effective, and thus those courts faced the issue of extinguishing claims already filed. . . . <u>If there was ever a right embodied in a securities fraud-based civil RICO cause of action, it was only the right to pursue a claim that had already been filed *before* the [statute eliminating the claim] came into effect.</u>

*Id.* at 1353-54 (emphasis added). The court in *Florida Evergreen Foliage v. E.I. du Pont de Nemours & Co.*, 165 F. Supp. 2d 1345 (S.D. Fla. 2001), reached the same result and in the process expressly declined to follow the Ninth Circuit's decision in *Scott. Id.* at 1358-59.

*Kolfenbach* and *Florida Evergreen* stand for the proposition that, when applying the *Landgraf* test to a statute eliminating a plaintiff's right to bring a claim, there is no impermissible retroactive effect in barring a claim that was brought after the effective date of the statute. That is precisely the situation here. Plaintiffs brought their section 1681m claims against PMI after

166448.1                                6

Case 2:06-cv-00114-VPM    Document 11    Filed 03/20/2006    Page 7 of 17

their right to bring those claims was extinguished by Congress. *Kolfenbach* and *Florida Evergreen* thus support the conclusion that *Landgraf* does not save plaintiffs' FCRA claims. Plaintiffs erred in omitting these decisions from their brief and relying instead on Ninth Circuit cases decided under *Scott*.[2]

Plaintiffs cite two other irrelevant cases. First, plaintiffs cite dicta from a Seventh Circuit opinion. (Opp. at 8 (citing *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006).) In *Murray*, while reviewing a class certification order, the Seventh Circuit commented in an introductory paragraph of the opinion that the Enforcement Language "abolishes private remedies . . . , but that change does not apply to offers [of credit] made before its effective date . . . ." 434 F.3d at 948. But because retroactivity "was not an issue included in the *Murray* appeal, was not addressed by the *Murray* parties, and was not addressed by the *Murray* court in the context of an actual legal dispute or included as part of the court's reasoning in resolving an issue before the court — class certification," *Killingsworth*, slip op. at 2 (N.D. Ill. Feb. 28. 2006) (attached hereto as Ex. B), it is clear that the language plaintiffs rely on has no precedential or persuasive value. Second, plaintiffs cite *Hughes Aircraft Co. v. United States*, 520 U.S. 939 (1997), but that case involved the retroactive application of a statute that <u>created</u> a cause of

---

[2] The viability of *Scott* even in the Ninth Circuit is not clear. In a subsequent retroactivity decision, the Ninth Circuit held that retroactive application of a statute is permissible so long as no actions have been taken in reliance on existing law. *See Southwest Ctr. for Biological Diversity v. U. S. Dep't of Agric.*, 314 F.3d 1060 (9th Cir. 2002). There, the plaintiff sued the government for failing to grant a request under the Freedom of Information Act (the "FOIA"). While the suit was pending, Congress eliminated any right the plaintiff had under the FOIA to the information at issue. *Id.* at 1061. The Ninth Circuit applied the *Landgraf* analysis because the suit was filed before the legislation became effective. *Id.* However, the Ninth Circuit found, under *Landgraf*, that retroactive application of the statute was permissible because it did not impair a right the plaintiff possessed when the plaintiff acted. *Id.* at 1062. The Ninth Circuit observed that "the 'action' of the Center was merely to request or sue for information; <u>it was not to take a position in reliance upon existing law that would prejudice the Center when that law was changed.</u>" *Id.* (emphasis added).

action and therefore imposed new liabilities on past conduct. A statute that creates new liabilities is fundamentally different from a statute that eliminates a cause of action, such as the Enforcement Language, and is therefore analyzed under a different prong of *Landgraf*.

In sum, this Court should follow the lead of its sister courts in the Eleventh Circuit and hold that *Landgraf* does not preclude application of the Enforcement Language to bar plaintiffs' section 1681m claims, because those claims were filed well after the effective date of the amendment.

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed with prejudice.

Respectfully submitted this 20th day of March, 2006.

s/James A. Byram, Jr.
One of the Attorneys for Defendant,
PMI Mortgage Insurance Co.

OF COUNSEL:
James A. Byram, Jr. (BYR003)
Kelly F. Pate (FIT014)
BALCH & BINGHAM LLP
P. O. Box 78
Montgomery, AL 36101-0078
(334) 834-6500
(334) 269-3115 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by CM/ECF on this 20th day of March, 2006:

>Jere L. Beasley, Esq.
>W. Daniel "Dee" Miles, III, Esq.
>Roman A. Shaul, Esq.
>BEASLEY, ALLEN, CROW, METHVIN,
>    PORTIS & MILES, P.C.
>272 Commerce Street
>P. O. Box 4160
>Montgomery, AL 36103-4160

>/s/ James A. Byram, Jr.
>Of Counsel

# EXHIBIT A

3 of 3 DOCUMENTS

LINDA KILLINGSWORTH, Plaintiff, v. HOUSEHOLD BANK (SB), N.A.;
HOUSEHOLD CREDIT SERVICES, INC.; HOUSEHOLD CREDIT SERVICES
(II), INC.; and HSBC NORTH AMERICA HOLDINGS, INC., Defendants.

No. 05 C 5729

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

2006 U.S. Dist. LEXIS 4050

January 31, 2006, Decided

**COUNSEL:** [*1] For Linda Killingsworth, Plaintiff: Daniel A. Edelman, Cathleen M Combs, James O. Latturner, Thomas Everett Soule, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL.

For Household Bank (SB) NA, Household Credit Services Inc, Household Credit Services (II) Inc, HSBC North America Holdings Inc, Defendants: Theodore R. Scarborough, Jr., Charles Kenneth Schafer, Sidley Austin LLP, Chicago, IL; James A Huizinga, Sidley Austin Brown & Wood, Washington, DC; John Kenneth Van De Weert, Sidley Austin Brown & Wood LLP, Washington, DC.

**JUDGES:** JOHN W. DARRAH, United States District Court Judge.

**OPINIONBY:** JOHN W. DARRAH

**OPINION:**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Linda Killingsworth, filed a class action suit against Defendants for alleged violations of the Fair Credit Reporting Act, *15 U.S.C. § 1681 et seq.* ("FCRA"). Presently before the Court is Defendants' Motion for Judgment on the Pleadings.

### LEGAL STANDARD

A motion for judgment on the pleadings pursuant to *Rule 12(c)* is subject to the same standard as a motion for summary judgment, except that the district court may only consider the contents of the pleadings. *See Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993)* [*2] *(Alexander)*. Accordingly, judgment on the pleadings may not be granted unless no genuine issues of material fact remain to be resolved and unless the moving party is entitled to judgment as a matter of law. *Alexander, 994 F.2d at 336*.

### BACKGROUND

A reading of Killingsworth's Complaint supports the following summary of the alleged conduct of the parties.

Prior to August 20, 2004, Killingsworth received a solicitation for a credit card. The solicitation states that Killingsworth was "pre-selected." Killingsworth received the solicitation after Defendants pre-screened the credit information of Killingsworth that was held by a consumer reporting agency. The pre-screening was intended to identify persons who have poor credit or were recently discharged in bankruptcy for the purpose of targeting such individuals for sub-prime credit. Killingsworth had not authorized Defendants to access or use her consumer report nor had she initiated any transaction with Defendants.

Killingsworth alleges that the solicitation was not a "permissible purpose" to access her consumer report without her consent. Furthermore, while the solicitation constituted a "firm offer", it did [*3] not contain certain required disclosures in a "clear and conspicuous" manner.

Case 2:06-cv-00114-VPM    Document 11    Filed 03/20/2006    Page 12 of 17

2006 U.S. Dist. LEXIS 4050, *                                              Page 2

The solicitation consisted of a two-sided, one-page, 8-1/2" X 14" offer to accept a "Pre-Selected Orchard Bank Silver MasterCard." Next to the signature line to accept the offer for a credit card and below the signature line for enrollment in an optional security/protection plan, on the face of the "acceptance certificate" appeared, in bold face, the statement: "Please see enclosed Solicitation Disclosures for important rate, fee, and other cost information." The back of the acceptance certificate also included, in smaller font than the rest of the printed materials, the statement: "See the enclosed Solicitation Disclosures and Privacy Statement insert for details." The solicitation included a 3-1/2" X 7" insert entitled "ORCHARD BANK MASTERCARD SOLICITATION DISCLOSURES." The second page of the insert included the following in bold face:

> Fair Credit Reporting Act Notice: You understand that information contained in your credit report obtained from a consumer reporting agency was used in connection with selecting you for this offer. You received this offer because you satisfied certain criteria for [*4] creditworthiness that the Bank previously established for this offer. The credit that the Bank has offered may not be extended to you if, after you respond to this offer, the Bank determines that you do not meet the criteria used to select you for this offer or any other applicable criteria bearing on creditworthiness. You have a right to prohibit information contained in your file with any consumer reporting agency from being used in connection with any credit transaction that is not initiated by you. You may exercise this right by calling . . . .

**ANALYSIS**

The FCRA is designed, in part, to respect a consumer's privacy in the information maintained by consumer reporting agencies. *See 15 U.S.C. § 1681(a)(4)*. To effectuate this purpose, Congress prohibited the release of consumer credit reports unless the release occurred for one of the permissible purposes set forth in *Section 1681b(a)*. The permissible purposes set forth in *Section 1681b(a)* include transactions initiated by the consumer. *See 15 U.S.C. § 1681b(a)(3)*.

The FRCA also provides limited situations in which a consumer reporting agency may provide a consumer [*5] report even though the consumer did not initiate or authorize the release of the information. For example, when a credit or insurance provider extends a "firm offer of credit" to the consumer. *See 15 U.S.C. § 1681b(c)(1)(B)(i)*. *Section 1681n* provides a private right of action for willful violations and *Section 1681o* provides a private right of action for negligent violations. *See 15 U.S.C. §§ 1681n and 1681o*.

A "firm offer of credit" is defined as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer." *15 U.S.C. § 1681a(l)*. The "firm offer of credit" may be conditioned on three specific requirements: (1) the creditor may apply additional pre-selected criteria bearing on the consumer's creditworthiness; (2) the firm offer may be conditioned on verification "that the consumer continues to meet the specific criteria used to select the consumer offer", and the offer may be conditioned on the consumer's pledging any collateral that [*6] was both established before the selection of the consumer for the offer and disclosed to the consumer in the offer. *See 15 U.S.C. § 1681a(l)(1)-(3)*.

The FCRA further provides that any person using a consumer report to make a firm offer of credit "provide with each written solicitation made to the consumer regarding the transaction a clear and conspicuous statement" disclosing statutorily required information. *15 U.S.C. 1681m(d)*. The notice must inform the consumer that: (1) the recipient's consumer credit report was obtained and used in determining who should be sent the offer; (2) the consumer was selected because the consumer met certain criteria; (3) the offer may not be extended if the consumer does not continue to meet the criteria, bearing on the creditworthiness, or provide the required collateral; (4) the consumer has the right to opt out of future offers by prohibiting the unsolicited use of information in their consumer file; and (5) the consumer may exercise this right by calling a specified toll-free phone number or by contacting the credit agency at a given address. *See 15 U.S.C. 1681m(d)*. [*7]

The FCRA does not define the term "clear and conspicuous," and the courts generally have referred to cases involving the Uniform Commercial Code and Truth in lending Act for guidance. *See Cole U.S. Capital, Inc., 389 F.3d 719, 726 (7th Cir. 2004) (Cole)*. Accordingly, a court must consider: (1) the location of the notice within the document; (2) the type size used within the notice, including a comparison to the rest of the document; and (3) whether the notice is set off in any way, such as spacing, font, style, all capital letters. *Cole, 389 F.3d at 731*. "In short, there must be something

about the way that the notice is presented in the document such that the consumer's attention will be drawn to it." *Cole, 389 F.3d at 731*.

In 2003, Congress enacted the Fair and Accurate Credit Transactions Act ("FACTA"), which amended numerous FCRA provisions, including *Section 1681*. Pub. L. No. 108-159, 117 Stat. 1952 (2003). Pertinent to the instant case, FACTA added *subsection (h) to Section 1681m* of the FCRA. *See* FACTA, Pub. L. No. 108-159, § 311(a), 117 Stat. 1952, 1988-89 (2003). *Paragraph (8) of the amended Section 1681m(h)* states: [*8]

> Enforcement
> (A) No civil actions. *Sections 1681n* and *1681o* of this title shall not apply to any failure by any person to comply with this section.
> (B) Administrative enforcement. This section shall be enforced exclusively under § 1681s by the Federal agencies and officials identified in that section.

*15 U.S.C. § 1681m(h)(8)*. The revised enforcement provisions became effective on December 1, 2004. *See* 12 C.F.R. § 222.1(c)(3)(xiii); *Murray v. Household Bank, N.A., 386 F. Supp. 2d 993, 996 (N.D. Ill. 2005) (Murray)*.

Defendants argue that Killingsworth cannot claim that the alleged violation of *Section 1681m*, the notice requirement, nullified the firm offer of credit, creating a separate violation of 1681b. It is unclear in Killingsworth's Complaint whether Killingsworth attempts to bring such a claim, and Killingsworth does not address Defendants' argument in its response brief to Defendants' Motion for Judgment on the Pleadings. Assuming Killingsworth is making such an allegation, that allegation fails. The definition of a "firm offer of credit" does not include a requirement to give any disclosures. [*9] *See 15 U.S.C. §§ 1681a(l)* and *1681b(c)(1)(B)*. The disclosures found in *Section 1681m(d)* are a separate and distinct requirement, implicated only when a firm offer of credit has been made. Accordingly, a violation of *Section 1681m* does not nullify a firm offer of credit and does not create a separate violation of *Section 1681b*. *See Cole, 389 F.3d at 729 n. 11; Murray, 386 F. Supp. 2d at 996*.

Defendants argue that Killingsworth's alleged *Section 1681m* violation fails because there is no private right of action for a violation of *Section 1681m* in light of FACTA. Killingsworth argues that the 2003 amendment only applies to *Section 1681m(h)* and not *Section 1681m* in its entirety; therefore, a private cause of action remains.

Killingsworth's arguments have been soundly rejected in this district, as well as in the central district of California. Courts that have considered whether *Section 1681m(h)* applies to *Section 1681m* in its entirety, including seven judges in this District in cases where the plaintiffs were also represented by the same counsel representing Killingsworth, have concluded that no private cause of action exists for [*10] a *Section 1681m(d)* disclosure violation in light of FACTA. *See Murray v. Cross Country Bank, 399 F. Supp. 2d 843, 844 (N.D. Ill. 2005); Murray, 386 F. Supp. 2d at 996-99; Hernandez v. Citifinancial Servs., 2005 U.S. Dist. LEXIS 32532, No. 05 C 2263, 2005 WL 3430858 (N.D. Ill. Dec. 9, 2005); McCane v. America's Credit Jewelers, Inc., 2005 U.S. Dist. LEXIS 30961, No. 05 C 5089, 2005 WL 3299371 (N.D. Ill. Dec. 1, 2005); Pietras v. Curfin Oldsmobile, Inc., 2005 U.S. Dist. LEXIS 26510, No. 05 C 4624, 2005 WL 2897386 (N.D. Ill. Nov. 1, 2005); Perry v. First Nat'l Bank, 2005 U.S. Dist. LEXIS 23100, No. 05 C 1470, (N.D. Ill. Sept. 13, 2005); Murray v. American Int'l Group, No. 05 C 3881 (N.D. Ill. Dec. 23, 2005) (minute order); Wanek v. C.M.A. Mortgage, Inc., No. 05 C 4775 (N.D. Ill. Dec. 12, 2005) (minute order); see also, Phillips v. New Century Fin. Corp., No. SA CV 05-0692 Doc (C.D. Cal. Nov. 14, 2005) (minute order) (Phillips)*. After careful consideration of Killingsworth's arguments, the statute at issue, and the other recent district court opinions, the Court finds the reasoning in these recent district court opinions persuasive. The Court joins with [*11] those district courts and concludes that there is no private right of action for violations of *Section 1681m* and that enforcement is left to government regulators.

Killingsworth also argues that even if FACTA removed a private right of action for violations of *Section 1681m*, it does not apply because the solicitation was received prior to November 4, 2004, prior to the effective date of Section 311 of FACTA (December 1, 2004), and cites *Landgraf v. USI Film Prods., 511 U.S. 244, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994) (Landgraf)*, in support of this contention.

Retroactively applying a new law to conduct completed before its enactment may violate due process if it "impair[s] rights a party possessed when he acted, increase[s] a party's liability for past conduct, or impose[s] new duties with respect to transactions already imposed." *Landgraf, 511 U.S. at 280*. Whether a provision may be applied retroactively to pending cases is determined in a two-step process. First, it must be determined "whether Congress has ex-

pressly prescribed the statute's proper reach." *Landgraf, 511 U.S. at 285*. If Congress has clearly indicated that the provision be applied either [*12] prospectively or retroactively, the court must apply the provision as Congress directed. *Landgraf, 511 U.S. at 280*. If the court is unable to determine Congress's intent, the court must resort to judicial default rules to determine whether the statute can be applied retroactively. Specifically, the court must determine whether the statute would have a "retroactive result" if it were applied to conduct which occurred prior to its enactment (whether it would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.") *Landgraf, 511 U.S. at 280*. If the statute would have this "retroactive result," the court applies the judicial presumption against applying the provision retroactively. *See Landgraf, 511 U.S. at 286*. That would be the effect of *Landgraf* here, if that case were controlling.

However, because Killingsworth filed this suit after the December 1, 2004 effective date of Section 311(a), the Court need not determine whether or not the statutory provision should be applied retroactively. That is because *Landgraf* addressed [*13] the application of *newly enacted rules to pending cases. See Lara-Ruiz v. Immigration & Naturalization Serv., 241 F.3d 934, 944-45 (7th Cir. 2001) (Lara-Ruiz)* (applying amended statute to removal proceeding brought after the effective date of the removal statute did not constitute applying the statute "retroactively"). Therefore, the Court must apply the law at the time that Killingsworth brought suit; accordingly, Killingsworth does not have a private right of action for a *Section 1681m(d)* disclosure violation. *See Lara-Ruiz, 241 F.3d at 945; see also Phillips,* No. SA CV 05-0692 Doc (C.D. Cal. Nov. 14, 2005) (minute order) (application of Section 311(a) would not have retroactive effect to case alleging receipt of solicitation prior to effective date of Section 311(a) that was filed after the effective date of Section 311(a)).

Defendants also argue that Killingsworth's suit should be dismissed because: (1) the disclosures were provided in a clear and conspicuous manner, (2) Killingsworth failed to plead a willful violation of the FCRA, (3) Killingsworth cannot prevail on a FCRA claim absent damages, and (4) Killingsworth has failed to plead [*14] a claim against HSBC North America. In light of the Court's above ruling, the Court need not address these additional arguments.

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is granted.

Dated: January 31, 2006

JOHN W. DARRAH

United States District Court Judge

**JUDGMENT IN A CIVIL CASE**

Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that for the reasons stated in the Court's 1/31/06 memorandum opinion and order, defendants' motion for judgment on the pleadings is granted.

Date: 1/31/2006

# EXHIBIT B

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 05 C 5729 | DATE | February 28, 2006 |
| CASE TITLE | Killingsworth vs. Household Bank, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion to Reconsider is denied.

Docketing to mail notices.

■ [ For further details see text below.]

## STATEMENT

Plaintiff, Linda Killingsworth, filed a class action suit against Defendants for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). On January 31, 2006, the Court granted Defendants' Motion for Judgment on the Pleadings, finding, in relevant part, that although the alleged violation of the FCRA occurred prior to the effective date of the applicable change in the statute, the Court must apply the law at the time that Plaintiff brought suit, which was after the effective date. Accordingly, Plaintiff did not have a private right of action for a Section 1681m(d) disclosure violation. Presently pending before the Court is Plaintiff's Motion for Reconsideration.

Motions for reconsideration serve a limited function of correcting clear errors of law or fact or to present newly discovered evidence which could not have been adduced during the pendency of the underlying motion. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *See Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

Plaintiff seeks to have the Court reconsider its January 31, 2006 order, based on a recent Seventh Circuit ruling, *Murray v. GMAC Mortgage Corp*, 434 F.3d 948 (7th Cir. 2006) (*Murray*), which vacated a district court order denying class certification on a petition pursuant to Fed. R. Civ. P. 23(f).

In *Murray*, the Seventh Circuit, in an interlocutory appeal, reversed the district court's denial of class certification. *See Murray*, 434 F.3d at 956. While discussing the background of the case, the court noted: "A recent amendment to the Act abolishes private remedies for violations of the clear-disclosure requirement, which in the future will be enforced administratively but that change does not apply to offers made before its effective date and thus does not affect this litigation. See 117 Stat. 1952, adding 15 U.S.C. § 1681m(h)(8)." *Murray*, 434 F.3d at 951. Plaintiff argues that this language mandates reversal of the Court's previous ruling

| STATEMENT |
|---|
| concerning Plaintiff's claim. However, the cited language was clearly *dicta* and is not binding. *See Wilder v. Apfel*, 153, 799, 803 (7th Cir. 1998) (*Wilder*) (*dicta* is not binding on subsequent court). Language within an opinion is *dicta* if that language is not an integral part of the analysis underlying the court's decision. *See Tate v. Showboat Marina Casino P'ship*, 431 F.3d 580, 582 (7th Cir. 2005) (holding of case includes facts, the outcome, and the reasoning essential to that outcome); *Wilder*, 153 F.3d at 803 (*dicta* is not binding because it is not "grounded in a concrete legal dispute and anchored by the particular facts of that dispute").<br>   The issue of whether a private right of action exists for an offer that was made prior to the effective date of the revised statute was not an issue included in the *Murray* appeal, was not addressed by the *Murray* parties, and was not addressed by the *Murray* court in the context of an actual legal dispute or included as part of the court's reasoning in resolving an issue before the court – class certification. Accordingly, the cited language is *dicta*, is not binding on this Court, and does not constitute a clear error of law.<br>   Plaintiff's remaining argument essentially repeats her previous argument that was already addressed by the Court. Plaintiff fails to identify any clear error of law or fact, and he fails to present newly discovered evidence. Accordingly, Plaintiff's Motion to Reconsider is denied. |